## MANNING v. MAAS.

(Common Pleas of New York City and County, General Term.   February 6, 1893.)

1. SALE—FRAUD OF SELLER.
   A contract for the sale of an engine is rendered voidable by the seller's fraudulent representation that the engine had been approved by a specified person; and, in an action by the seller for the purchaser's breach of contract in refusing to accept the engine, the exclusion of the purchaser's evidence as to the misrepresentation is error, where the fraud has been properly pleaded.

2. SAME—BREACH BY PURCHASER—DAMAGES—OPINION EVIDENCE.
   In an action for the purchaser's breach of contract in refusing to complete the sale, it is error for the court to ask the seller how much he had suffered by the refusal, as such question calls for the conclusion of the witness on a matter the court should determine for itself, after all the facts in the case have been given.

Appeal from second district court.

Action by James S. Manning against Rudolph Maas for refusal to accept a gas engine sold by plaintiff to defendant.   From a judgment in plaintiff's favor, defendant appeals.   Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

A. Stern, for appellant.

P. Q. & F. L. Eckerson, for respondent.

BOOKSTAVER, J.   This action is brought for a breach of contract on the part of the defendant in refusing to carry out a contract for the purchase of an Otto gas engine.   Defendant admitted the making of the contract, but claimed that the same was procured by fraud, in that the plaintiff fraudulently represented that the approval of one McCallum had been obtained, without which approval the defendant would not have entered into the contract.   Upon the trial, various questions were asked by the defendant tending to show this defense, but the same were objected to by plaintiff's counsel, and the testimony thereunder was excluded, to which the defendant excepted.   Fraud avoids all contracts, and, when the same is properly pleaded, evidence thereof should be admitted, and the exclusion of such evidence in this case was error, for which a new trial should be granted.   Nor was that error cured by the court subsequently admitting a portion of this evidence, but not the whole.   The fact that the court permitted the witness Bailey, plaintiff's agent, to contradict the defendant in regard to conversations with him, does not cure the error in refusing to permit the defendant to testify in regard to those matters, but rather aggravates it.   But, aside from this, it was fatal error in the court below to propound to the plaintiff this question, "How much have you suffered by the refusal," meaning the refusal to complete the contract, which was objected and excepted to by the defendant.   It called for the conclusion of the witness on a matter the court was to determine for itself, after all the facts in the case had been given.   The mere conclusion of the plaintiff as to his loss of profits, without stating the cost to him of the engine, or the value of the work, labor, and services to have been rendered by him in putting it up, was not sufficient evidence on which the court could properly base an

estimate of damages. Having arrived at this conclusion, it is unnecessary for us to consider at this time the proper rule of damages in such case, as on a new trial it may more clearly appear that the engine sold was a patented article, and could be procured of the plaintiff only, or that it was sold openly in the market, and had a value determined by supply and demand; a different rule of damages being applicable in the latter case. The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.